UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -against- | 16 CR 167 (LAP) |
| JUSTIN RODRIGUEZ, | ORDER |
| Defendant. | |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Justin Rodriguez's request for early termination of supervised release. (Dkt. no 388.) The Government opposes the request. (Dkt. no. 392.) For the reasons set forth below, the request is denied.

A district court is authorized to "terminate a term of supervised release ... at any time after the expiration of one year of supervised release," so long as "it is satisfied that such action is [1] warranted by the conduct of the defendant ... [2] and the interest of justice." United States v. Key, 602 F.3d 492, 494 (2d Cir. 2010) (quoting 18 U.S.C. § 3583(e)(1)). Before ordering early termination, a district court must consider the factors set forth in 18 U.S.C. § 3553(a), which "address 'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.' " United States v. Harris, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010) (quoting United States v. Lussier, 104 F.3d 32, 35 (2d Cir.

1

1997)). As the Second Circuit has explained, "[o]ccasionally, changed circumstances" – such as "exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." Lussier, 104 F.3d at 36. For example, early termination may be justified where conditions of supervised release hinder a fully compliant defendant's ability to obtain employment and reintegrate into society. See, e.g., United States v. Arellano, No. 13-cr-33 (RJS), Dkt. No. 41 (S.D.N.Y. Apr. 6, 2016) (granting termination of supervised release one year early where fully compliant supervisee was a full-time truck driver and the conditions of supervision "impede[d] him from obtaining a better and more secure job" with UPS or FedEx, "for which he ha[d] applied and otherwise [was] eligible"). Even so, the law is clear that only "exceptional cases" involving "special, extraordinary, or unforeseen circumstance[s]" warrant early termination. United States v. Bouchareb, 76 F. Supp. 3d 478, 480 (S.D.N.Y. 2014) (quoting United States v. Flores, No. 99-cr-1110 (RWS), 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010)). Thus, a defendant's full compliance with the terms and conditions of supervised release, standing alone, is insufficient. See United States v. Medina, 17

F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."); accord United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); United States v. Gonzales, No. 94- cr-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (although defendant was a "model probationer," "present[ed] a low risk of recidivism," and "the deterrent value of his case [had] been fully realized," early termination was not appropriate).

First, nothing in the Defendant's submission "rises to the level of a special, extraordinary, or unforeseen circumstance that distinguishes [the defendant] from other compliant defendants on supervised release." Bouchareb, 76 F. Supp. 3d at 480 (quoting Flores, 2010 WL 2573385, at *1). Indeed, while the Defendant's most recent completion of drug treatment is "commendable," such "behavior is exactly what is expected of all defendants on supervised release and therefore does not warrant early termination." Id. (quoting Flores, 2010 WL 2573385, at *1). Thus, on that ground alone, the request is denied.

Second, while Defendant does not address the Section 3553 factors in his request, those factors militate against granting

3

early termination.  Defendant's crime of conviction is exceedingly serious.  He was a mid-level drug dealer for several years and made credible threats of violence in order to collect outstanding drug debts.  (PSR ¶¶ 16, 23.)  He also possessed firearms and arranged the sale of at least one firearm.  (PSR ¶¶ 21, 23.)  Accordingly, serious punishment is required.

Defendant's early termination would not further the safety of the public or his rehabilitation.  As noted in the PSR, Defendant's harassment conviction arose from a dispute with his ex-girlfriend where he struck her across the face with a closed fist and then displayed a knife causing her to fear for her safety.  (PSR ¶¶ 50, 51.)  Also, during his time on pretrial detention, Defendant was sanctioned for interfering with staff, and, after he was sentenced, he admitted to "possessing drugs/alcohol."  (Dkt. no. 392 at 1.)  He was also sanctioned for insolence to a staff member and for use of drugs or alcohol.  (Id.)  Indeed, in January of 2020, this incident resulted in his return to the MDC as an RRC "failure."  (Id.)  Thus, it seems clear that Mr. Rodriguez could benefit from serving his full term of supervised release.

Accordingly, the request for early termination of supervised release (dkt. no. 388) is denied.

SO ORDERED.

Dated:    New York, New York
          September 15, 2022

_____
LORETTA A. PRESKA
Senior United States District Judge